**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS E. BEESON and**<br>**DONNA L. BEESON,** | ) | |
| | ) | **Case Number:** |
| Plaintiffs, | ) | |
| | ) | **Judge:** |
| V. | ) | |
| | ) | |
| **MERRICK B. GARLAND, U.S.** | ) | |
| **ATTORNEY GENERAL, U.S.** | ) | |
| **DEPARTMENT OF JUSTICE; TARA** | ) | |
| **TWOMEY, U.S. TRUSTEE; ADAM** | ) | |
| **BRIEF, ACTING U.S. TRUSTEE FOR** | ) | |
| **REGION 11**, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

### INTRODUCTION

Plaintiff, Thomas E. Beeson and Donna L. Beeson (together, "Plaintiffs"), by and through their undersigned attorneys, seek an order compelling Defendants Merrick B. Garland, in his capacity as United States Attorney General, Tara Twomey, Executive Director of the Office of the United States Trustee, and Adam Brief, Acting United States Trustee for Region 11 (together, "Defendants"), pursuant to 28 U.S.C. §586 to issue the United States Trustee's report with respect to each of the violations of Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") enumerated in Plaintiffs' Motion for Reconsideration of Plaintiffs' objections to the fees requested by Miriam Stein n/k/a Miriam Stein Granek, Chapter 11 Trustee, and her attorneys Adam P. Silverman and Adelman & Gettleman, Ltd.

1

18316452.1

**JURISDICTION**

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1361, the mandamus statute; and 28 U.S.C. §1331, general federal question jurisdiction.

**VENUE**

2.      Responsibility for monitoring Plaintiffs' Chapter 11 Case (as defined below) is statutorily assigned pursuant to 28 U.S.C. §581(a)(11) to Region 11 of the Office of the United States Trustee, located at 219 S. Dearborn Street, Room 873, Chicago, IL  60604.  Adam Brief currently serves as the Acting United States Trustee for Region 11. That is the office that is charged with performing the statutory obligations made the subject of this Complaint.

3.      Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Therefore, venue is proper before this Court.

**THE PARTIES**

4.      Plaintiff Thomas E. Beeson is an individual and a citizen of the State of Illinois.

5.      Plaintiff Donna L. Beeson is an individual and a citizen of the State of Illinois.

6.      Defendant, Merrick B. Garland, is being sued in his official capacity as the United States Attorney General.  In this capacity, through the Department of the Justice and the Executive Office of the United States Trustee, he has responsibility for the administration and enforcement of the bankruptcy laws pursuant to 28 U.S.C. §586.

7.      Defendant, Tara Twomey, is being sued in her official capacity as the Executive Director of the Office of the United States Trustee, the agency responsible *inter alia* for the administration and enforcement of the bankruptcy laws pursuant to 28 U.S.C. §586.

18316452.1

8.      Defendant, Adam Brief, is being sued in his official capacity as the Acting United States Trustee for Region 11, the agency responsible *inter alia* for the administration and enforcement of the bankruptcy laws pursuant to 28 U.S.C. §586 in Region 11, including *inter alia* in the Northern District of Illinois, within which such laws apply to Plaintiffs' Chapter 11 Case.

## FACTUAL ALLEGATIONS

9.      On May 26, 2021, Plaintiff filed a voluntary petition under chapter 11 of the Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), commencing their chapter 11 case, Case No. 21-06718 ("Plaintiffs' Chapter 11 Case").

10.      Responsibility for monitoring Plaintiffs' Chapter 11 Case is assigned to Region 11 of the Office of the United States Trustee.  Defendant Adam Brief presently serves as the Acting United States Trustee for Region 11.

11.      During the pendency of Plaintiff' Chapter 11 Case, the Office of the United States Trustee, upon approval of the Bankruptcy Court, appointed Miriam Stein n/k/a Miriam Stein Granek as the Chapter 11 Trustee, who in turn engaged attorneys Adam P. Silverman and Adelman & Gettleman, Ltd.

12.      In the course of proceedings concerning fee applications filed by the Chapter 11 Trustee and her attorneys, Miriam Stein Granek and Adam P. Silverman provided testimony of violations of the Bankruptcy Code and the Bankruptcy Rules, including without limitation that:

    a.  the Chapter 11 Trustee violated Sections 1106(a)(3), (a)(4) and (a)(5) of the Bankruptcy Code by failing to provide the United States Trustee or the Bankruptcy Court, with, respectively, any investigations, reports of investigations or plans, and, in further violation of the Sections 1106(a)(3), (a)(4) and (a)(5) of the Bankruptcy Code, respectively, never filed any of the same; and

    b.  neither Ms. Stein Granek nor Mr. Silverman informed the United States Trustee about their pre-selection meetings with Nathan Rugg and Reed Heiligman (attorneys for the only two creditors of Plaintiffs seeking to convert Plaintiffs'

Chapter 11 Case to a liquidation by a trustee under chapter 7), and, in violation of Bankruptcy Rules 2007.1 and 2014, respectively, failed to file disclosures thereof in connection with her appointment and his retention.

(collectively, the "Code and Rule Violations"). The evidence of such Code and Rule Violations is described in detail in Plaintiffs' Motion for Reconsideration (Ch. 11 Docket No. 594)[1] (a copy of which is attached as Exhibit C) and the filings referenced therein[2] pertaining to Plaintiffs' objections to the fees requested by Miriam Stein n/k/a Miriam Stein Granek, Chapter 11 Trustee, and her attorneys Adam P. Silverman and Adelman & Gettleman, Ltd.

13. On October 11, 2023, Roman Sukley, a staff attorney for the United States Trustee assigned to Plaintiffs' Chapter 11 Case, attested to the Code and Rule Violations.

14. However, the United States Trustee did not submit any report to the Bankruptcy Court concerning the Code and Rule Violations.

15. The failure to submit its report is a complete derogation of the United States Trustee's statutory duties under 28 U.S.C. §586.

16. The Bankruptcy Court subsequently awarded fees to the Chapter 11 Trustee and her lawyers, and weeks later released a Transcript of those rulings, which the Bankruptcy Court filed on March 5, 2024 (Ch. 11 Docket No. 588 ("Tr.")). The Bankruptcy Court stated that it based its rulings upon the following remarks by the United States Trustee:

> As the U.S. Trustee stated on December 20th, 2023, "both the trustee and her counsel did a terrific job on this case" and he did not "see the basis for the objections in terms of the particular citations that the debtors' counsel gave us." See the transcript of December 20th, 2023, at page 18.

---

[1] References to "Ch. 11 Docket No. __" are references to the Docket in Plaintiffs' Chapter 11 Case.

[2] Further sources of the evidence of the Code and Rule Violations is found in the fee application of the Chapter 11 Trustee (Ch. 11 Docket Nos. 491 and 561); the fee application of the Chapter 11 Trustee's attorney (Ch. 11 Docket No. 490); Plaintiffs' objection to the fee application of the Chapter 11 Trustee (Ch. 11 Docket Nos. 499 and 563); Plaintiffs' objection to the fee application of the Chapter 11 Trustee's attorney (Ch. 11 Docket No. 498); Plaintiffs' supplement to objection to the fee application of the Chapter 11 Trustee (Ch. 11 Docket No.517); Plaintiffs' motion to remove chapter 11 trustee objection (Ch. 11 Docket No. 563).

18316452.1

Tr., P 34, L. 11-16  (Ch. 11 Docket No. 588).

17.      Plaintiffs have notified Defendants Adam Brief and the United States Trustee that the comments quoted above do not comprise a report, do not address any of the many, serious violations of the Bankruptcy Code and the Bankruptcy Rules, and therefore are inconsequential and meaningless. Yet they are the **full** extent of the United States Trustee's statements on these matters to the Bankruptcy Court on December 20, 2023 (and, until November 12, 2024 (see Exhibit L and para. 22 below), their only statements after October 11, 2023).

18.      These scant remarks did not fulfill the duties of the United States Trustee to the Bankruptcy Court, meet the standards set by United Trustee Patrick Layng (who served as the United States Trustee for Region 11 from 2010 until September 28, 2024)[3], or meet their duty to provide the Bankruptcy Court a sufficient basis for an informed ruling.  Instead, it smacks of a cover-up. At the end of the following day, December 21, 2023, attorney Roman Sukley, who made these statements for the United States Trustee, retired.

19.      On September 6, 2024, Plaintiffs, through their attorneys, sent an email to Respondent Adam Brief seeking to open a dialogue about these matters and to find the path to resolve and close Plaintiffs' Chapter 11 Case.  A true copy of the September 6, 2024 Email is attached as Exhibit A and incorporated by this reference as if set forth herein (the "September 6, 2024 Email").

---

[3] Further descriptions of the testimony of United States Trustee Patrick Layng to the gravity of violations of the Bankruptcy Code and the Bankruptcy Rules and the duty of the United States Trustee to monitor and enforce the Bankruptcy Code and the Bankruptcy Rules are found in (A) *Dordevic v. Layng (In re Dordevic)*, 62 F.4th 340, 343 (7th Cir. 2023), and (B) briefs submitted by the Executive Office of the United States Trustee verifying that as an officer in the Department of Justice, the United States Trustee has both constitutional and statutory authority to vindicate federal law. 11 U.S.C. § 307; 28 U.S.C. § 581(a)(7), § 586(a)(3)(A), § 586(a)(3)(I).

18316452.1

20. Despite the United States Trustee's statutory duties to report, and despite Plaintiffs' multiple requests to the United States Trustee (in Court filings, emails and letters from Plaintiffs described below and attached as Exhibits hereto), Defendant Adam Brief and the United States Trustee refused to provide its report.

21. As demonstrated from a review of the record beginning with the September 6, 2024 Email, the United States Trustee has not provided its report:

| Date | Ch. 11 Docket No. (if applicable) | Document | Exhibit No. |
|---|---|---|---|
| 9/6/2024 | | Plaintiffs' Email to Patrick Layng (United States Trustee for Region 11) and Adam Brief (Assistant United States Trustee for Region 11) | A |
| 9/9/2024 | | Plaintiffs' Email to Patrick Layng (United States Trustee for Region 11) and Adam Brief (Assistant United States Trustee for Region 11) with a letter, a draft of Plaintiffs' Motion for Reconsideration and supporting materials | B |
| 9/12/2024 | 594 | Plaintiffs' Motion for Reconsideration | C |
| 9/26/2024 | | Plaintiffs' Email to Patrick Layng (United States Trustee for Region 11) and Adam Brief (Assistant United States Trustee for Region 11) with a Brief of the Executive Office of the United States Trustee | D |
| 10/3/2024 | | Plaintiffs' Email to Adam Brief (Acting United States Trustee for Region 11) and Tom Thornton (United States Trustee Analyst for Region 11) with a Brief of the Executive Office of the United States Trustee | E |
| 10/4/2024 | | Plaintiffs' Email to Adam Brief (Acting United States Trustee for Region 11) and Tom Thornton (United States Trustee Analyst for Region 11) referencing the Executive Office of the United States Trustee's Handbook for Chapter 11 Trustees and the Brief of the Executive Office of the United States Trustee | F |
| 10/10/2024 | 597 | United States Trustee's "Notice of Objection" to Plaintiffs' Motion for Reconsideration (an electronic | G |

| | | | |
|---|---|---|---|
| | | filing that generates a docket entry stating only "Notice of Objection" and nothing further) | |
| 10/11/2024 | 598 | Plaintiffs' Proffer in support ofPlaintiffs' Motion for Reconsideration | **H** |
| 10/15/2024 | 600 | Bankruptcy Court Docket Entry: Hearing on Plaintiffs' Motion for Reconsideration continued to 1/7/2025 | **I** |
| 10/28/2024 | | Plaintiffs' Email to Adam Brief (Acting United States Trustee for Region 11), Tom Thornton (United States Trustee Analyst for Region 11) and Lisa Tracy (Deputy General Counsel, Executive Office of United States Trustee) with a letter, Plaintiffs' Motion for Reconsideration and supporting materials, and requesting the United States Trustee's report by November 12, 2024 | **J** |
| 11/6/2024 | 603 | Bankruptcy Court Docket Entry: Hearing on Plaintiffs' Motion for Reconsideration continued to 1/8/2025 | **K** |
| 11/12/2024 | | Email from Jeffrey Gansberg (a United States Trustee Trial Attorney for Region 11) stated that the United States Trustee filed its Notice of Objection "**based on our review of the docket and our understanding of the record and proceedings in this case**." (emphasis added). | **L** |
| 11/13/2024 | | Plaintiffs' Email to Adam Brief (Acting United States Trustee for Region 11), Jeffrey Gansberg (a United States Trustee Trial Attorney for Region 11), Tom Thornton (United States Trustee Analyst for Region 11) and Lisa Tracy (Deputy General Counsel, Executive Office of United States Trustee) with a letter and supporting materials, requesting the report identified by the United States Trustee in its November 12, 2024 email be provided to Plaintiffs no later than November 15, 2024 | **M** |

22.     Responding to Plaintiffs' October 28, 2024 request (Exhibit J) for the United States Trustee reports, Defendants' attorney, in an email dated November 12, 2024 (Exhibit L), stated that the United States Trustee filed its Notice of Objection (Ch. 11 Docket No. 597, Exhibit

G) "**based on our review of the docket and our understanding of the record and proceedings in this case**." (emphasis added). See Exhibit L.

23. Plaintiffs requested that the report identified in the United States Trustee's November 12, 2024 email be provided to Plaintiffs no later than November 15, 2024.

24. To date, Defendants have failed and refused to provide any report.

## CAUSES OF ACTION

## COUNT ONE – MANDAMUS

25. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth herein, word for word and paragraph for paragraph.

26. Plaintiffs have a clear and statutory right to have the Bankruptcy Code and the Bankruptcy Rules, as well as applicable statutory provisions of Title 28 enumerated herein, applied to Plaintiffs' Chapter 11 Case.

27. Defendants have a clear and statutory duty, including without limitation pursuant to 28 U.S.C. §586, to monitor and enforce the Bankruptcy Code and the Bankruptcy Rules in chapter 11 cases.

28. Plaintiffs have no other adequate remedy at law and will suffer irreparable harm if the clear and statutory right to have the Bankruptcy Code and the Bankruptcy Rules, as well as applicable statutory provisions of Title 28 enumerated herein, applied to Plaintiffs' Chapter 11 Case. *See, inter alia,* 28 U.S.C. § 581(a)(7), § 586(a)(3)(A), § 586(a)(3)(I).

29. The failure, or any delay, by Defendants in taking the necessary action to monitor and enforce the Bankruptcy Code and the Bankruptcy Rules in Plaintiffs' Chapter 11 Case is not permitted under law. Moreover, it is highly prejudicial to Plaintiffs, Plaintiffs' Chapter 11 Case

8

18316452.1

and to the Estate of Plaintiffs' Chapter 11 Case, depriving them of their rights to equal protection under the law.

30. Specifically, in connection with Plaintiffs' Chapter 11 Case, Defendnats have obligations, including under 28 U.SC. §586, to issue reports in response to the evidence, consisting of the testimony of the Chapter 11 Trustee and her attorney, of each of the specific, serious violations of the Bankruptcy Code and the Bankruptcy Rules presented to the United States Trustee by Plaintiffs.

31. In connection with their Motion for Reconsideration (Ch. 11 Docket No. 594 (Exhibit C)) and the related Proffer (Ch. 11 Docket No. 598 (Exhibit H)), and the United States Trustee's Notice of Objection to the Motion of Reconsideration (Ch. 11 Docket No. 597 (Exhibit G)), Plaintiffs, in a series of email and letters, dated September 6, 2024 (Exhibit A), September 9, 2024 (Exhibit B), September 26, 2024 (Exhibit D), October 3, 2024 (Exhibit E), October 4, 2024 (Exhibit F) and October 28, 2024 (Exhibit J), repeatedly and respectfully have requested the United States Trustee perform its statutory duties, including by providing its reports.

32. Finally, in an email dated November 12, 2024 (Exhibit L), the United States Trustee stated it filed its Notice of Objection (Ch. 11 Docket No. 597 (Exhibit G)) "**based on our review of the docket and our understanding of the record and proceedings in this case**." (emphasis added). See Exhibit L.

33. The United States Trustee is obligated to provide this report. *See* 28 U.S.C. §586.

34. Accordingly, in their letter to Defendants dated November 13, 2024 (Exhibit M), Plaintiffs requested they be provided the United States Trustee's report identified in its November 12, 2024 email (Exhibit L).

18316452.1

35.     Defendants are obligated by statute to provide Plaintiffs with **all** of its reports regarding the subject matter of Debtors' Motion for Reconsideration (including the many, serious Code and Rule Violations).

36.     To date, Defendants have failed to provide **any** report.

37.     The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty, including the duties owed to Plaintiffs.  28 U.S.C. §1361.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Honorable Court grant the following relief:

1.     Assume jurisdiction and maintain continuing jurisdiction of this action;

2.     Order Defendants to comply with all of their duties under 28 U.S.C. §586;

3.     Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. §1361 and/or  28 U.S.C. §1651 compelling Defendants to provide Plaintiffs with all of its reports regarding the subject matter of Debtors' Motion for Reconsideration (including the many, serious violations of the Bankruptcy Code and the Bankruptcy Rules enumerated therein and in the preceding objections and motions referenced therein) in not less than 3 days;

3.     Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. §1361 and/or 28 U.S.C. §1651 compelling Defendants to prepare and provide Plaintiffs with any and all reports regarding the subject matter of Debtors' Motion for Reconsideration (including the many, serious violations of the Bankruptcy Code and the Bankruptcy Rules enumerated therein and in the preceding objections and motions referenced therein) that may be required in addition to its existing reports to fulfill the statutory duties of the United States Trustee, including without limitation pursuant to 28 U.S.C. §586, and to do so in not less than 30 days;

4.     Enter all necessary relief, injunctions, and order as appropriate to remedy the harms to the Plaintiffs;

5.     Award reasonable costs and attorney's fees to Plaintiffs, including without limitation pursuant to 28 U.S.C. §2412; and

6.     Award Plaintiffs such other and further relief as the Court deems just and equitable.

10

December 30, 2024

Thomas E. Beeson and Donna L. Beeson

By:__*Ryan T. Johnson*_____
    One of Their Attorneys


Royce R. Remington (Ohio #0040408) *Pro Hac Vice* pending.
Ryan T. Johnson (#6280298)
HAHN LOESER & PARKS LLP
*Attorneys for Plaintiffs Thomas E. Beeson and Donna L. Beeson*
200 W. Madison, Suite 2700
Chicago, IL 60606
(312) 637-3000
rrr@hahnlaw.com
rjohnson@hahnlaw.com

11

18316452.1