## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Thomas E. Beeson and Donna L. Beeson, | ) ) ) | |
| Plaintiffs, | ) ) | No. 24-cv-13348 |
| v. | ) ) | Judge April M. Perry |
| Pamela Bondi, United States Attorney General; Ramona Elliot, Acting Director of the Executive Office for U.S. Trustees; and Adam Brief, Acting U.S. Trustee for Region 11, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In 2021, Thomas Beeson and Donna Beeson ("Plaintiffs") voluntarily filed for Chapter 11 bankruptcy. Three years later, Plaintiffs successfully emerged from bankruptcy, and the bankruptcy court awarded fees to the Chapter 11 Trustee and her counsel. But Plaintiffs do not believe those fees were warranted because the Chapter 11 Trustee and her counsel supposedly violated Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during the bankruptcy proceedings. Plaintiffs implored the United States Trustees' Office to submit a report before the bankruptcy court stating that it agreed that these violations had occurred; the Trustees' Office did not do so. Plaintiffs now seek a writ of mandamus compelling the United States Trustees' Office to provide a report on alleged misconduct by the Chapter 11 Trustee and her counsel.

## BACKGROUND[1]

In May 2021, Plaintiffs filed for Chapter 11 bankruptcy. Doc. 1 ¶ 9. The United States Trustee for Region 11 (the "U.S. Trustee") moved to appoint Miriam Stein Granek as the Chapter 11 Trustee in the case (the "Appointed Trustee"), and the bankruptcy court granted the motion. *Id.* ¶ 11. The Appointed Trustee then successfully applied to employ Adam P. Silverman and Adelman and Gettleman, Ltd. ("Adelman") as her counsel. *Id.* In August 2023, the bankruptcy court confirmed the second amended plan of reorganization. *In re Beeson*, No. 21-bk-06718, Bk. Dkt. 482 (Bankr. N.D. Ill.).[2] In September 2023, the Appointed Trustee and Adelman separately filed applications for compensation under 11 U.S.C. § 330. Bk. Dkts. 490, 491. Plaintiffs objected to both applications, arguing that Adelman and the Appointed Trustee allegedly violated their statutory duties under 11 U.S.C. § 1106. Bk. Dkts. 498, 499. Briefing ensued. Bk. Dkts. 527, 528.

Plaintiffs allege that in the course of those proceedings, the Appointed Trustee and Silverman "provided testimony of violations of the Bankruptcy Code and the Bankruptcy Rules," including that the Appointed Trustee violated several provisions of the Bankruptcy Code and that the Appointed Trustee and Silverman failed to heed certain duties under the Bankruptcy Rules. Doc. 1 ¶ 12. Plaintiffs also allege that in October 2023, a staff attorney for the U.S. Trustee also attested to those Bankruptcy Code and Bankruptcy Rule violations. *Id.* ¶ 13. In December 2023,

---

[1] The following facts are drawn from the allegations in Plaintiffs' complaint, which for the purposes of this motion the Court accepts as true, drawing all reasonable inferences in Plaintiffs' favor. *See Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court notes that Plaintiffs also attached more than 1,200 pages of documents to the complaint, all of which are considered part of the complaint pursuant to Federal Rule of Civil Procedure 10(c). Those facts are supplemented where appropriate with materials the Court may take judicial notice of, such as transcripts and filings before the bankruptcy court. *See Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss.").

[2] Entries on the bankruptcy court docket are referenced as "Bk. Dkt. [Docket Number(s)]." Referenced page numbers are taken from the CM/ECF header at the top of the filings.

however, the U.S. Trustee stated to the bankruptcy court that "both the [appointed] trustee and her counsel did a terrific job on this case" and that he did not "see the basis for the objections in terms of the particular citations that the debtors' counsel gave us." *Id.* ¶ 16. Plaintiffs allege that those statements were the extent of the U.S. Trustee's contemporaneous comments to the bankruptcy court regarding the fee dispute, and that the U.S. Trustee never sufficiently addressed the alleged violations. *Id.* ¶¶ 17–18. Finally, Plaintiffs allege that the U.S. Trustee never submitted a "report" to the bankruptcy court concerning the alleged violations. *Id.* ¶ 20.

Ultimately, the bankruptcy court entered orders granting the fee applications in February 2024. Bk. Dkts. 579, 590, 588, 591. During the bankruptcy court's oral ruling on the fee applications, the bankruptcy court referenced the U.S. Trustee's December 2023 statements. Bk. Dkt. 588 at 34.

In September 2024, Plaintiffs communicated to the U.S. Trustee that they planned to file a motion for reconsideration and sent a copy of the motion to the U.S. Trustee, wherein Plaintiffs pressed the argument that the Appointed Trustee and her counsel had committed several violations of the Bankruptcy Rules and Bankruptcy Code. Doc. 1-2. A few days later, Plaintiffs filed the motion. Doc. 1-3. In a series of emails in late September and early October, Plaintiffs urged the U.S. Trustee to submit a filing in support of their motion for reconsideration or more generally in acknowledgment of the Appointed Trustee and her counsel's alleged violations. Doc. 1-4; Doc. 1-5; Doc. 1-6. On October 10, 2024, the U.S. Trustee filed a Notice of Objection to Plaintiffs' motion for reconsideration. Doc. 1-7.

Later that month, Plaintiffs emailed the U.S. Trustee asking the U.S. Trustee to withdraw its notice and to instead file a notice in support of the motion for reconsideration. Doc. 1-10 at 3. On November 12, 2024, an attorney for the U.S. Trustee responded to Plaintiffs' email stating

that it would neither withdraw its notice nor file a motion in support, stating that as "a matter of policy, the U.S. Trustee does not join in motions filed by other parties in interest." Doc. 1-12 at 2. The email also stated that the U.S. Trustee filed its Notice of Objection "based on our review of the docket and our understanding of the record and proceedings in this case." *Id.* Plaintiffs interpreted (and continue to interpret) this email as an admission that the U.S. Trustee prepared a report respecting the alleged fee-dispute violations. *See* Doc. 1-13 at 318–19; Doc. 1 ¶¶ 32–33. Plaintiffs thus responded to the November 12 email by demanding that the U.S. Trustee provide Plaintiffs "with all of its reports regarding the subject matter of Debtors' Motion for Reconsideration … no later than November 15, 2024." Doc. 1-13 at 319. Plaintiffs allege that "[t]o date, Defendants have failed and refused to provide any report." Doc. 1 ¶ 24.

In their one-count complaint, Plaintiffs seek a writ of mandamus. Specifically, Plaintiffs ask the Court to "[o]rder Defendants to comply with all of their duties under 28 U.S.C. § 586" and seek a writ of mandamus "compelling Defendants to provide Plaintiffs with all of its reports regarding the subject matter of Debtors' Motion for Reconsideration" and "compelling Defendants to prepare and provide Plaintiffs with any and all reports regarding the subject matter of Debtors' Motion for Reconsideration … that may be required in addition to its existing reports to fulfill the statutory duties of the United States Trustee." Doc. 1 at 10.

## ANALYSIS

Under 28 U.S.C. § 1361, district courts have original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has explained that the "extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105,

121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). If the allegations in the complaint survive that threshold jurisdictional bar, three elements must still be "met for the court to issue a writ: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Cossio v. Air Force Ct. of Crim. Appeals*, 129 F.4th 1013, 1021 (7th Cir. 2025), *cert. denied sub nom. Cossio v. AFCCA*, No. 25-5148, 2025 WL 2824362 (U.S. Oct. 6, 2025) (citation modified).

Plaintiffs provide only one statutory citation in support of their argument that the U.S. Trustee had a clear, nondiscretionary duty to provide a report regarding Plaintiffs' motion for reconsideration: 28 U.S.C. § 586. This statute states that the U.S. Trustee

> shall … supervise the administration of cases and trustees in cases under [chapter 11] … of title 11 by, whenever the United States trustee considers it to be appropriate—
>
>> (A)(i) reviewing, in accordance with procedural guidelines adopted by the Executive Office of the United States Trustee … , applications filed for compensation and reimbursement under section 330 of title 11; and
>>
>> (ii) filing with the court comments with respect to such application and, if the United States Trustee considers it to be appropriate, objections to such application;

28 U.S.C. § 586.[3]

Plaintiffs interpret this provision to mean that "[n]otice of the serious violations of the mandates of the Bankruptcy Code and the Bankruptcy Rules by the Chapter 11 Trustee and her

---

[3] Plaintiffs refer to several other Bankruptcy Code and Rules provisions in their dismissal papers, appearing to conflate the issue of whether the Appointed Trustee and her counsel violated "Congressional mandates" in the bankruptcy case with whether the U.S. Trustee is charged with a clear, nondiscretionary mandate to take the action Plaintiffs seek to have enforced here. Doc. 9 at 2–8. To be clear: whatever errors the Appointed Trustee, her counsel, or the bankruptcy court made are not at issue in this case. Plaintiffs' remedy with respect to those alleged violations was to file an appeal of any of the bankruptcy court's decisions that Plaintiffs believed were in error. The Court further notes that where Plaintiffs have done so, they have not prevailed. *See Beeson v. Granek*, Case. No. 25-cv-1864, Doc. 21, 2025 WL 2880232 (N.D. Ill. Oct. 9, 2025).

lawyer require the U.S. Trustee to take action," which "at a minimum" requires that the U.S. Trustee "report to the court on these violations." Doc. 9 at 11.

Plaintiffs' argument is not supported by Section 586's plain language or by common sense. First, the section Plaintiffs cite nowhere requires the U.S. Trustee to create or issue a report upon notice of a potential or actual violation of the Bankruptcy Code or Bankruptcy Rules. Section 586 contains only two references to "reports" to be submitted by the U.S. Trustee, neither of which relates to known or potential violations of the Bankruptcy Code or Bankruptcy Rules by an appointed trustee or her counsel. *See* 28 U.S.C. § 586(a)(6) (requiring U.S. Trustee to "make such reports as the Attorney General directs, including the results of audits performed under section 603(a) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005" ("BAPCPA")); 28 U.S.C. § 586(f) (requiring U.S. Trustee to "report" to the United States Attorney material misstatements that are reported to an auditor under § 603(a) of BAPCPA).

Second, the section explicitly gives the U.S. Trustee discretion in the supervision and administration of bankruptcy cases. It instructs that the U.S. Trustee shall, "whenever the United States trustee considers it to be appropriate," take certain actions to supervise and monitor the case, including by "reviewing applications filed for compensation and reimbursement under section 330 of title 11," and "filing with the court comments with respect to such application." 28 U.S.C. § 586(a)(3). Then, only "if the United States Trustee considers it to be appropriate" the U.S. Trustee should file "objections to such application." *Id.* Plaintiffs do not grapple with this language. In fact, Plaintiffs omit from their brief completely the fact that Section 586 contains not just one, but two explicit statements that Section 586 is cabined by what

the Trustee "considers … to be appropriate." This omission strays dangerously close to crossing the line from aggressive lawyering to a Rule 11 violation.[4]

In short, Plaintiffs provide no support for the proposition that the U.S. Trustee has a clear, nondiscretionary duty to create and tender to debtors (or anyone else) reports about supposed misconduct by appointed trustees or their counsel. Plaintiffs correctly note that the U.S. Trustee has an obligation to "supervise the administration of cases." But nowhere do Plaintiffs provide support for the idea that this obligation creates a clear, nondiscretionary duty to supervise in any particular way. As anyone who has ever been supervised (or a supervisor) knows, there are countless different ways to execute such a task. And aspirational statements in the Chapter 11 Trustee Handbook that the U.S. Trustee's goal is "to protect and preserve the integrity of the bankruptcy system" similarly does not create a clear, nondiscretionary duty to meet that goal in any particular way. Plaintiffs obviously do not agree with the way the U.S. Trustee did its job in their bankruptcy case. But disagreement about how discretionary functions are carried out does not entitle one to a writ of mandamus.

Because the Court finds that Plaintiffs' allegations plainly fail to satisfy the jurisdictional thresholds of 28 U.S.C. § 1361, it does not reach movants' standing argument, other than to note that the relief Plaintiffs have requested – specifically, a writ of mandamus ordering the U.S. Trustee to create and provide to Plaintiffs reports regarding a motion for reconsideration that was denied more than eight months ago – would do nothing to change the bankruptcy court's denial of Plaintiffs' motion for reconsideration or alter the bankruptcy court's order that fees be paid to the Chapter 11 Trustee and her lawyers.

---

[4] So too do Plaintiffs' counsels' continued references to matters as "undisputed," when they are quite plainly disputed. *See, e.g.*, Doc. 9 at 1 (referring to it as "undisputed" that the U.S. Trustee did not adhere to Section 586). Such blatant misstatements of fact are neither persuasive nor in keeping with counsels' professional ethical obligations.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' complaint is dismissed. If Plaintiffs have support for a clear, nondiscretionary duty that arises from somewhere other than 28 U.S.C. § 586, and is consistent with the reasoning laid out in this opinion and their obligations under Federal Rule of Civil Procedure 11, they may file a motion requesting leave to file an amended complaint by November 19, 2025.

Dated: November 5, 2025

_____
APRIL M. PERRY
United States District Judge